### No. 9883.
### Orleans Appeal.

### SUCCESSION OF ALBIN LIGHT, ALBIN LIGHT, Jr., C. H. NEAL, AND WILLIAM LIGHT v. RELIANCE HOMESTEAD ASSOCIATION, Appellant.

(April 27, 1925, Opinion and Decree.)

*(Syllabus by the Court.)*

1. Louisiana Digest—Donations—Par. 138, 139, 140.

All parties having an interest in the construction of ambiguous testamentary dispositions should be represented in the probate proceedings.

2. Louisiana Digest—Donations—Par. 139, 184, 253.

Where the testamentary heirs claim the entire succession, including stocks and mortgage notes, under a provision of a will giving them "the money that I have left and the bonds" upon the ground that other provisions of the will indicate the intention by implication to bestow upon them the entire succession and it appears that there are legal heirs who but for the construction contended for by the testamentary heirs would be entitled to a part of the succession, a judgment rendered *ex parte* placing the testatmentary heirs in possession will be reversed and the cause remanded for the purpose of affording the legal heirs an opportunity to be heard.

Appeal from Civil District Court, Hon. William H. Byrnes, Jr., Judge.

This is a rule taken by parties put into possession of a succession estate or an ex parte judgment as universal legatees against the Reliance Homestead Association to compel them to turn over certain shares of stock. The defendant claimed that there were other heirs not represented. The rule was made absolute and defendant appealed.

Judgment reversed and case remanded for new trial.

James J. Landry, attorney for plaintiff in rule and appellee.

Theodore Roehl, attorney for defendant in rule and appellant.

WESTERFIELD, J. Dalbin Light, Junior, William Light and Charles H. Neal were put in possession as universal legatees of the Succession of Albin Light, who died in this City on the 14th day of January, 1924, by virtue of an *ex parte* judgment of Division "F" of the Civil District Court. Subsequently, a rule was taken by the parties named against the Reliance Homestead Association, in which it was alleged that

among the assets of the Succession were certain shares of stock in the said Homestead which movers were entitled to have transferred to them as sole heirs of decedent under the judgment of the said Civil District Court aforesaid, and that, notwithstanding due application, the said Homestead refused to make the said transfer or to recognize the said judgment. Movers prayed for an order compelling the said Homestead to recognize the said judgment and to transfer the said stock to them. The Homestead answered admitting its refusal to transfer the stock and justifying their action upon the ground that plaintiffs in rule were not the universal legatees or sole heirs of decedent; that the stock in respondent Homestead standing in the name of decedent had not been disposed of under the will of decedent and was therefore the property of decedent's legal and not his testamentary heirs; that decedent left legal heirs who were absentees; that no curator had been appointed to represent the said legal heirs nor were they otherwise represented or considered in the *ex parte* proceedings under which movers were placed in possession of decedent's entire Succession. Upon the trial of the rule it was made absolute and the respondent Homestead Association has appealed.

The will of decedent is as follows:

"New Orleans, La., November 5, 1923.
"To Mr. E. J. Morgan.
"Sir: In case of death I want you to look after my business for me until Charley Neal comes to take charge of same in case of death ship my body to C. H. Neal Clover Halifax Co. Va.
"The money that I have left and bonds I want Dalbin Light junior to have one 1 third his address is Putney W. Va. and I want William Light to have one 1 third his address is Clover Halifax Co. Va. and I want Charley Neal to get one 1 third his address is Clover Halifax Co. Va. in case there should be a death of one 1 of these 3 three men.
"C. H. Neal of Dalbin Light Junior or William Light should die than give the 2 live men ½ each in case 2 or all 3 die than give the estate of C. H. Neal off springs and give Floid Neal one ½ of the estate in case Floid Neal should die than give it all to C. H. Neal off springs.
"I, Albin Light of New Orleans put my seal to this will the 5 day of November of our Loar, 1923.
"Albin Light
"Address Clover Halifax Co. Vo.
"Witnesses:
"Edward J. Morgan
"A. B. Woodruff
"In case anything should happen notify C. H. Neal Clover Halifax Co. Va."

It will be observed that decedent bequeaths "the money I have left and bonds" to Dalbin Light, Jr., William Light and Charley Neal. It appears that at the time of decedent's death he owned no bonds. His entire succession, according to a statement in the petition, consisted of some cash in bank, stock in the Reliance Homestead Association and mortgage notes, the whole valued at the sum of $3,459.35.

Plaintiffs in rule contend that the will should be construed as a whole and that provisions made therein for the disposition of the Succession in the event of the death of any of the three legatees giving "the Estate to C. H. Neal off Springs and give Floid Neal one ½ of the Estate in case Floid Neal should die then give it all to C. H. Neals off springs", clearly show that the testator intended to dispose of his entire Succession in their favor and that by bonds he meant stock and notes.

It is possible that the will can be so construed but by no means certain. In any event we think those interested in construing it otherwise should be heard before the question is foreclosed by a judgment disposing of the property. The legal heirs should be properly represented and the matter determined contradictorily.

For the reasons assigned, the judgment appealed from is reversed and this case remanded for further proceeding consistent with the views expressed herein.